M. S. Jolivette v. The Estate of R. J. Young, Deceased.

1. EVIDENCE—*Must Not Be Too Remote or Conjectural.*—The law requires an open and visible connection between the principal and evidentiary facts, and the deductions from them, and does not permit a decision to be made on remote inferences.

Claim in Probate.—Error to the Circuit Court of Jackson County; the Hon. OLIVER A. HARKER, Judge presiding. Heard in this court at the February term, 1902. Reversed and remanded. Opinion filed September 11, 1902.

C. E. RITCHER, attorney for plaintiff in error.

JAMES H. MARTIN, attorney for defendant in error.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

Plaintiff in error filed in the Probate Court of Jackson

County a promissory note for $500, bearing date September 2, 1898, payable to the order of herself, one year after date, with interest at six per cent, purporting to have been executed by R. J. Young, the deceased, and asked for an allowance of the claim against his estate, to which the administrator objected. A trial was had before the court, who disallowed the claim and filed his written opinion, giving as the sole reason for disallowing it, that the note had been changed by writing the word " one " over the word " five " in the first line of the body of the instrument, thus making it read " one year after date," instead of " five years after date," etc. Plaintiff in error appealed to the Circuit Court of Jackson County, where a jury was waived, and the case was tried by the court, the defendant in error in that court contending that the entire note was a forgery. The court found for the defendant and the plaintiff has brought the case here by a writ of error, for review by this court.

The original note was, by agreement of the parties, certified to this court as a part of the bill of exceptions. The opinion of the County Court also comes here as a part of the bill.

A verified motion by defendant in error, for leave to file certain documents purporting to be signed by plaintiff in error, that this court may compare the signatures with the signature to the note sued on in this case, was filed and taken with the case; and a cross-motion by plaintiff in error to strike the motion of defendant in error from the files, was also taken with the case, but owing to the condition of the record as we find it, no ruling becomes necessary on either motion; but counsel should understand that this court can not consider evidence going to the merits or demerits of the case, that was not offered in the court below, and is not contained in the bill of exceptions.

The errors assigned are : 1st. " The admission of improper testimony over plaintiff's objection." 2d. " The rejection of proper evidence offered by plaintiff." 3d. " The judgment is contrary to the law, and not supported by the evidence."

It is of no avail to object to the ruling of a court in admitting improper testimony, unless an exception is taken to the ruling admitting it; hence, the most of the alleged errors of the court in admitting improper testimony on behalf of the defendant must remain unnoticed, because no exceptions were taken to the rulings admitting it.

A son of deceased was called and testified on behalf of defendant, and after stating where his father was living at the date of the note, he was asked if his father had any considerable sum of money at that time, to which plaintiff objected, but the court overruled the objection and the plaintiff excepted. How such testimony could throw light on the question as to whether the note was genuine or not we are unable to understand. In the case of Xenia Bank v. Stewart, 114 U. S. 224, where the matter determined was analogous to this, the court said :

" The evidence offered was inadmissible, because too remote and conjectural. The law requires an open and visible connection between the principal and evidentiary facts, and the deductions from them, and does not permit a decision to be made on remote inferences."

The evidence offered in this case to which plaintiff objected, was too remote and conjectural to be of any value, and to open the door and let in such testimony would be to enter a field that has no boundaries. The court erred in overruling plaintiff's objection to the evidence.

The issue tried was not that the note had not been altered by writing the word " one " over the word " five," as plaintiff admitted the alteration when the note was offered in evidence, by putting a witness upon the stand, who testified that she was present when the alteration was made, and that the deceased made the alteration before the note was delivered to the plaintiff, and this evidence is nowhere contradicted.

As to the second assignment of error, we are unable to find any ruling of the court excluding evidence offered by plaintiff, where any exception was taken.

The third assignment of error is not well taken. No motion for a new trial was made in the case that called in ques-

tion the sufficiency of the evidence to sustain the judgment, and no exception was taken to the judgment that is shown in the bill of exceptions.   It is true the clerk in writing up the judgment makes his record also say, that plaintiff " excepted " to the judgment; but this, as has uniformly been held by both the Appellate and Supreme Courts of this State, is of no avail, as the exception must be preserved in the bill of exceptions.

For the error in admitting improper evidence on behalf of the defendant, the judgment is reversed and the cause remanded for a new trial.